IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICKY VINCENT PENDLETON,

           Plaintiff,

v.                                CIVIL ACTION NO.  2:24-cv-00029

DONNIE AMES, *Superintendent at*
*Mt. Olive Correctional Complex and Jail*,
and WILLIAM K. MARSHALL, III,
*Commissioner Division of Corrections*
*and Rehabilitation*,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *pro se Complaint* (Document 2), brought on the grounds that the Defendants violated his due process rights during disciplinary proceedings at the Mount Olive Correctional Complex (MOCC).  By *Administrative Order* (Document 6) entered on January 16, 2024, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On July 17, 2024, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 23), wherein it is recommended that this Court dismiss the Plaintiff's complaint and remove this matter from the Court's docket.  The Plaintiff timely objected to the PF&R by filing his *Objections to Proposed Findings and Recommendation* (Document 25).  The Court has also reviewed a *Motion for Summary Judgment* (Document 26) and *Plaintiff's Motion for Declaratory Judgment* (Document

27).  For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims.  The Court now incorporates by reference those facts and procedural history.  In order to provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, Ricky Vincent Pendleton, alleges that he was charged with violating a prison rule on October 7, 2023, but was not served with notice of the Disciplinary Incident Report (DIR) until October 19, 2023, in violation of West Virginia Department of Corrections and Rehabilitation (WVDCR) policy.  The DIR charged Mr. Pendleton with Compromising an Employee, based on an allegation that, while working in the kitchen, he asked a kitchen supervisor to go into the cooler so he could give her a kiss and motioned her towards the cooler.

Mr. Pendleton asserts that the DIR was served twelve days after the deadline established by WVDCR policy.  He was convicted of the violation in a disciplinary hearing and sanctioned with sixty (60) days of punitive segregation and a year of administrative segregation, in addition to losing his prison job and the ability to participate in a college program.  Because of the procedural violations, he argues that his conviction on the DIR should be reversed, it should be expunged, he should receive back wages for the prison job he lost as a result of the DIR, he should be released from administrative segregation, he should be reimbursed for any property lost or destroyed as a result of the charge and punishment, he should be reinstated in the Ashland

University program he was participating in prior to the disciplinary proceeding, and he should receive any other appropriate relief.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

Judge Aboulhosn found that Mr. Pendleton failed to state a claim because the disciplinary action did not result in conditions of detention that implicate the Due Process Clause or a protected liberty interest. Judge Aboulhosn explained that "Prison staff's failure to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." (PF&R at 9.) Based on prior case law, Judge Aboulhosn concluded that the Plaintiff's placement in punitive segregation for sixty (60) days and administrative segregation for one year was not sufficiently prolonged or indefinite to constitute a significant and atypical hardship.

The Plaintiff argues that the alleged failure to timely notify him of the DIR violated his Fourteenth Amendment due process rights. He indicates that the alleged rule violation was on October 7, 2023, he received notice on October 19, 2023, and the disciplinary hearing took place on November 7, 2023. He contends that providing notice within 72 hours is mandatory. Because the DIR was not timely, he argues that it is null and void, such that he, in effect, received no notice at all, and therefore had no opportunity to defend against the charged offense. Mr. Pendleton's subsequently filed motion for summary judgment and motion for declaratory judgment present similar arguments and request additional relief.

"To establish a procedural due process violation under § 1983, plaintiffs must show (1) that they were deprived of a cognizable liberty or property interest (2) through some form of state action (3) with constitutionally inadequate procedures." *Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479, 487 (4th Cir. 2024). As Judge Aboulhosn explained, an inmate bringing a due process claim based on deprivation of a liberty interest must establish that the challenged conditions of confinement impose an atypical and significant hardship on the inmate in relation to the ordinary incident of prison life. (PF&R at 7, citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In *Sandin*, the Supreme Court found that an inmate's "discipline in segregated confinement [for a period of 30 days] did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Supreme Court later explained: "After *Sandin,* it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the

nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (internal quotation marks omitted).

Here, the Plaintiff's allegations fail on two fronts. The restrictions imposed following the disciplinary hearing do not implicate a protected liberty interest, and even if they did, the procedural defect involving the timing of his receipt of the DIR does not state a claim for a due process violation. The Fourth Circuit has summarized the due process rights applicable to inmates in disciplinary hearings implicating a protected liberty interest: "government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action," and "an inmate has a qualified right to call witnesses and present documentary evidence in his defense." *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019) (internal quotation marks and citations omitted). In addition, "the mere fact that a state enacts an entitlement to a procedure" does not mean that the procedure is necessary to comply with constitutional due process. *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1468–69 (4th Cir. 1990). The Plaintiff does not contend that the Defendants failed to provide him with notice at least 24 hours before the hearing, prohibited him from calling witnesses and presenting evidence, or failed to provide him with a written report after the hearing. He alleges only that the prison violated an internal policy requiring that notice be provided within 72 hours of the incident.[1] The scope of the constitutional right to due process is not determined by reference to an individual prison system's internal policies. Just as compliance with inadequate policies and procedures does not negate a

---

1 The PF&R includes discussion of the policies at issue and concludes that the Plaintiff's factual allegations do not indicate that a policy violation occurred. (PF&R at fn. 6.)

constitutional violation, failure to comply with internal policies is insufficient to establish a constitutional violation. Therefore, the Plaintiff's objections must be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objections to Proposed Findings and Recommendation* (Document 25) be **OVERRULED**, the Magistrate Judge's *Proposed Findings and Recommendation* (Document 23) be **ADOPTED**, the Plaintiff's *pro se Complaint* (Document 2) be **DISMISSED,** and that this matter be removed from the Court's docket. The Court further **ORDERS** that the Plaintiff's *Motion for Summary Judgment* (Document 26) and *Plaintiff's Motion for Declaratory Judgment* (Document 27) be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 12, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA